

FILED

DEC 19 2005

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RONALD GRANADOS, | Case No. EDCV 05-00724-GAF (MLG) |
| Plaintiff, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| CITY OF MORENO VALLEY, et al., | |
| Defendants. | |

DOCKETED ON CM

DEC 19 2005

BY _____ 040

## I.    Procedural and Factual History

On August 8, 2005, Plaintiff Ronald Granados filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint names as Defendants: (1) The City of Moreno Valley; (2) Michael Burnaz, Neighborhood Services Manager for the City of Moreno Valley; (3) Sharon Stewart, Code enforcement officer for the City of Moreno Valley; and (4) Vera Rowe, Administrative Law Judge with Revenue Experts, Inc., a California Corporation. All Defendants are sued in both their individual and official capacity, except the City of Moreno Valley.

The facts, taken in the light most favorable to the Plaintiff, are as follows. On January 4, 2005, Plaintiff had a manufactured home

1 delivered to his property located at 26191 Kalmia Avenue in Moreno
2 Valley, California. On January 6, 2005, Defendants Burnaz and Stewart
3 came to Plaintiff's property, and although Plaintiff had a permit to
4 transport the manufactured home, issued a Notice of Violation and a
5 Stop Work Notice for failing to secure approvals for building,
6 plumbing, electrical and mechanical work on the premises. Defendant
7 Stewart also issued Plaintiff a Notice to Abate Nuisance under Moreno
8 Valley Municipal Code Number 9.01.0301(a) (for a "Non-permitted Use")
9 and ordered Plaintiff to "remove modular home from property
10 immediately and submitt (sic) floor plans to the building/dept."

11 Thereafter, Plaintiff attempted to resolve the permitting issues
12 with the City, and was granted an extension until January 31, 2005
13 to do so. Nevertheless, Burnaz and Stewart issued additional
14 citations for Plaintiff's failure to address the previous
15 deficiencies, ultimately issuing six permitting citations in all.
16 When issuing a later citation for violation of Section 0.001.003(a)
17 and Section 9.001.003(b), Plaintiff claims that Defendant Burnaz
18 stated, "I love people like you, because I like teaching them a
19 lesson." Plaintiff is of Mexican or Latino descent and he took this
20 to be a racially motivated comment.

21 Thereafter, Burnaz issued another citation against Plaintiff.
22 This citation was for a violation of Moreno Valley Municipal Code
23 Section 6.04.030, which requires that "operable vehicles shall be
24 parked or stored in a garage, carport or on an improved surface."
25 Plaintiff asserts that Burnaz issued this citation because Plaintiff
26 is of Mexican or Latino descent, and that there are approximately 150
27 white or Anglo-Saxon residents in visible violation of the same
28 provision within a quarter mile of Plaintiff's property who have

1 | never been cited.  Plaintiff repeatedly complained to Burnaz and the
2 | City of Moreno Valley that his white neighbors were never cited for
3 | this violation, and presented these Defendants with photographs of
4 | these other, uncited violators.

5 | On February 10, 2005, Plaintiff appealed citations number C00081
6 | and C00084. On February 24, 2005 a hearing was held before Vera Rowe,
7 | a private Administrative Hearing Officer under contract to the city.
8 | From Rowe's initial opening comments about the case, Plaintiff
9 | assumed that Rowe had engaged in *ex parte* communications with city
10 | officials.  He complained about this.  Plaintiff also asserts that
11 | Rowe was not impartial and that she chose to further punish him and
12 | retry him on multiple subsequent citations.

13 | On March 4, 2005, Rowe issued a decision in Plaintiff's favor
14 | regarding the first two citations, numbers C05-00081 and C05-00084.
15 | After this finding, Burnaz and Stewart again cited Plaintiff with a
16 | violation of Section 6.04.030, for having an operable vehicle parked
17 | inappropriately on his property.  According to Plaintiff, no one had
18 | been charged with a violation of this provision within the past five
19 | years other than him. Plaintiff has produced a detailed survey,
20 | including pictures, names and addresses of residents across the
21 | street, down the street, and in an area within two blocks of
22 | Plaintiff's residence demonstrating that there are more than 150
23 | white residents of the City of Moreno Valley that park their vehicles
24 | on unimproved surfaces and that could be charged but are not,
25 | according to Plaintiff, because of their race.

26 | On October 27, 2005, after Plaintiff appealed his convictions,
27 | the Superior Court issued a ruling in favor of the Plaintiff as to
28 | the vehicle parking citations, but against Plaintiff on the land use

1  approval citations.

2      Plaintiff makes a variety of allegations in his Complaint

3  against all of the Defendants.  Plaintiff states that he is seeking

4  damages and injunctive relief under 42 U.S.C § 1983, the Fifth

5  Amendment, the Eighth Amendment, the Fourteenth Amendment, and for

6  the state law torts of malicious prosecution, negligence, racial

7  discrimination, the filing of selective prosecution charges and

8  conspiracy. (Complaint at 2, 19). Plaintiff alleges that the City of

9  Moreno Valley has a policy and practice of selective discrimination

10  against Latinos and residents of color through the manner in which

11  it issues citations, and has done nothing to stop this "corrupt

12  policy and culture." (Complaint at 25).

13      On August 29, 2005, Defendants City of Moreno Valley, Michael

14  Burnaz and Sharon Stewart filed a motion to dismiss, asserting that

15  (1) all claims should be dismissed for failure to state a claim upon

16  which relief can be granted because it cannot be determined from the

17  face of the complaint what Plaintiff is claiming, or which claims are

18  based on federal law and which are based on California law 2)

19  Plaintiff's appeal of his convictions of Moreno Valley Municipal Code

20  Violations is presently pending and therefore the Court should

21  abstain under principles of *Younger* abstention[1] or the *Rooker-Feldman*

22  doctrine[2] 3) with respect to the tort law claims, Plaintiff has not

23  alleged, as he must, that he has complied with the mandatory

24  requirements of the California Tort Claims Act, California Government

25

26      [1]*Younger v. Harris*, 401 U.S. 37 (1971)

27      [2]*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476

28  (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923).

1  Code Section 905, and 4)to the extent that Plaintiff claims that the

2  City of Moreno Valley is vicariously liable for the acts/omissions

3  of its employees, this claim is barred by *Monell v. Dep't of Soc.*

4  *Serv. of the City of New York*, 436 U.S. 658 (1978).

5     Also, On September 21, 2005, Defendant Vera Rowe filed a

6  separate motion to dismiss. Rowe asserts that Plaintiff's complaint

7  should be dismissed for failure to state a claim against her in

8  particular. Rowe notes that she found in Plaintiff's favor as to two

9  of the citations. The rest of her motion repeats the assertions of

10  the other Defendants.

11     On October 31, 2005, Plaintiff filed two separate oppositions,

12  one in response to Burnaz, Stewart, and the City of Moreno Valley's

13  motion to dismiss, and the other in response to Rowe's motion to

14  dismiss. On November 2, 2005 and November 4, 2005, the City of Moreno

15  Valley and the individual Defendants filed replies to Plaintiff's

16  opposition.   The motions are now ready for decision.

17

18  **II.   Standard of Review**

19     Defendants' motions to dismiss should not be granted unless it

20  is clear Plaintiff can prove no set of facts in support of the claim

21  that would entitle him to relief. *See Hishon v. King & Spalding*, 467

22  U.S. 69, 73 (1984); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

23  2001); 12(b)(6) F. R. Civ. P.   In considering the motion, the Court

24  must accept all factual allegations of the complaint as true.   *See*

25  *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Rubin*

26  *v. City of Santa Monica*, 308 F.3d 1008, 1013 (9th Cir. 2002).

27     The Court must construe the pleading in the light most favorable

28  to the party opposing the motion and resolve all doubts in the

1  pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969);

2  *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228

3  (9th Cir. 1994). Moreover, *pro se* pleadings are held to a less

4  stringent standard than those drafted by a lawyer. *See Haines v.*

5  *Kerner*, 404 U.S. 519, 520 (1972)(per curiam); *Boag v. MacDougall*, 454

6  U.S. 364, 365 (1982) (*per curiam*) (*pro se* plaintiff's crudely written

7  complaint should not be dismissed if, liberally construed, it states

8  a cause of action); *Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d

9  621, 623 (9th Cir. 1988). However, the liberal construction doctrine

10 "applies only to a plaintiff's factual allegations." *Neitzke v.*

11 *Williams*, 490 U.S. 318, 330 n.9 (1989). The Court need not accept

12 as true unreasonable inferences or conclusory legal allegations cast

13 in the form of factual allegations. *See Western Min. Council v.*

14 *Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031

15 (1981). *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200(9th Cir. 2003).

16      To state a cause of action for a § 1983 claim,[3] Plaintiff must

17 plead that: (1) Defendants were acting under color of state law and

18 (2) violated a right secured by the United States Constitution and

19 laws. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Gibson v. United*

20 *States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

21 \\

22 \\

23 _____

24      [3] § 1983 provides in part: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State or
25 Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person within the
26 jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the
27 party injured in an action at law, suit in equity, or other proper
28 proceeding for redress."

## II.  **Discussion and Analysis**

The Court will separately consider whether Plaintiff has stated a claim against each Defendant. Plaintiff does not develop his legal arguments, beyond stating that certain constitutional rights were violated.  However, as required, Plaintiff's *pro se* pleadings will be held to a less stringent standard and will be liberally construed. *See Boag*, 454 U.S. at 365.

### A.  Eighth Amendment Claim

Plaintiff states that the Defendants violated the Eighth Amendment in their treatment of him, but does not further elaborate on this assertion. (Complaint at 19-20) ("The actions of the defendants . . . were done in an intentional, unconstitutional, malicious and negligent manner and intent (sic) in violation of state law and constituted cruel and unusual punishment in violation of . . . the Eighth Amendment." Thus, it appears Plaintiff asserts that his Eighth Amendment rights were violated by the conduct of members of the Moreno Valley Police Department, the City of Moreno Valley, and Hearing Officer Vera Rowe.  Plaintiff's claim is without merit as to all Defendants because the Eighth Amendment's prohibition on cruel and unusual punishment only applies to prisoners.

The Eighth Amendment, in its prohibition against cruel and unusual punishment, places restraints on the actions of prison officials against *prisoners*.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillian*, 503 U.S. 1 (1992).  "In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."  *Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977); *see*

7

1  *also Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir.
2  2001).

3      Here, Plaintiff was not a prisoner when the incidents at issue
4  occurred. Indeed, Plaintiff was not even arrested during the events
5  giving rise to this cause of action. Accordingly, Plaintiff's Eighth
6  Amendment claim must be dismissed with prejudice.

7      B.  Municipal Liability

8      The City of Moreno Valley contends that the Plaintiff has not
9  sufficiently alleged claims of municipal liability and, consequently,
10  Moreno Valley should be dismissed as a Defendant. The Court finds
11  that Plaintiff has made assertions of municipal liability sufficient
12  to withstand the City of Moreno Valley's motion to dismiss.

13      To establish municipal or county liability under § 1983, a
14  plaintiff must identify the policy or custom which caused the
15  constitutional deprivation. *Monell*, 436 U.S. at 691. A governmental
16  entity cannot be held liable under § 1983 for an injury caused solely
17  by its agents or employees based on a theory of respondeat superior
18  or vicarious liability. *Id.* Only when the execution of the
19  government's policy or customs inflicts the constitutional injury may
20  a governmental entity be held liable under § 1983. *Id.*, at 694.
21  Additionally, the plaintiff must establish that the governmental
22  entity, through its deliberate conduct, was the moving force behind
23  the injury or harm suffered and must establish a direct causal link
24  between the governmental entity's action and the deprivation of a
25  federally protected right. *See Bd. of the County Comm'Rs v. Brown*,
26  520 U.S. 397, 403-04 (1997).

27      Plaintiff alleges that the City of Moreno Valley has a policy
28  and practice of selective discrimination against Latinos and

residents of color through the manner in which it issues citations, and the city has done nothing to stop this "corrupt policy and culture." On the other hand, the City of Moreno Valley contends that Plaintiff's assertion is conclusory and fails because the Plaintiff does not allege any facts to support such an allegation.

Plaintiff's allegations are sufficient to state a claim for municipal liability at this stage of the proceedings. Petitioner's assertions, given the Court's mandated role to analyze the pleadings of *pro se* litigants liberally, amounts to a Fourteenth Amendment equal protection claim alleging a city policy of discriminatory treatment of minorities. "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)); *see also Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

C. *Younger* Abstention And The *Rooker-Feldman* Doctrine

In addition to asserting that Plaintiff's complaint should be dismissed for failure to state a claim because it cannot be determined from the face fo the complaint what the Plaintiff is claiming, the Defendants also assert that the Court should abstain from hearing the case under either principles of *Younger* abstention or the *Rooker-Feldman* doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent special circumstances, a Federal Court cannot enjoin a

9

1  pending, ongoing state criminal prosecution. When Defendants filed
2  their motions to dismiss on August 29, 2005, Plaintiff's appeal of
3  his conviction for violating the City's Municipal Code was presently
4  pending in the Riverside Superior Court. However, according to
5  Declarations submitted by the parties on November 14, 2005, at the
6  Court's request regarding the current status of any state criminal
7  action involving Plaintiff, there are no longer any pending criminal
8  proceedings. On October 27, 2005, the State Superior Court resolved
9  Plaintiff's appeal by finding in his favor as to a parking violation,
10 and against him as to a land use permit violation. Consequently, as
11 three is no longer a pending criminal proceeding, there is no reason
12 for the Court to abstain on *Younger* grounds.

13     The *Rooker-Feldman* doctrine recognizes that federal courts
14 generally lack subject matter jurisdiction to review state court
15 judgments.  *See Fontana Empire Center, LLC v. City of Fontana*, 307
16 F.3d 987, 992 (9th Cir. 2002); *Dist. of Columbia Court of Appeals v.*
17 *Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S.
18 413, 415 (1923).  On the other hand, a federal court has jurisdiction
19 over general constitutional challenges that do not require review of
20 a final state court decision in a particular case.  *Doe & Assocs. Law*
21 *Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).

22     To ascertain its jurisdiction in the context of the
23 *Rooker-Feldman* doctrine, the federal court must determine if the
24 claims before it are "inextricably intertwined" with claims asserted
25 in state court.  *Feldman*, 460 U.S. at 483 n. 16; *Fontana Empire*
26 *Center*, 307 F.3d at 992; *Doe & Assocs.*, 252 F.3d at 1029; *Worldwide*
27 *Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).  A claim
28 is inextricably intertwined with a state court judgment if the

1  federal claim succeeds only to the extent that the state court
2  wrongly decided the issues before it or if the relief requested in
3  the federal action would effectively reverse the state court decision
4  or void its ruling. See *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25
5  (1987) (Marshall, J., concurring); *Fontana Empire Center*, 307 F.3d
6  at 992; *Doe*, 252 F.3d at 1030.

7       Defendants assert that Plaintiff's claims are "inextricably
8  intertwined" with those the State Court has already decided. (City
9  of Moreno Valley, Burnaz and Stewart Motion to Dismiss at 9). The
10  Defendants do not elaborate on this contention, however. The Court
11  does not believe that the *Rooker-Feldman* doctrine precludes
12  jurisdiction in this case. Plaintiff may state a viable Equal
13  Protection claim without undermining his state conviction. He may
14  indeed have violated the state permitting statute, but have been
15  unconstitutionally selected for prosecution solely because of his
16  national origin. And, as he was acquitted of the parking violations,
17  there is no underlying state conviction to undermine with respect to
18  those allegations.

19       D.   California Tort Claims Act

20       Defendants Burnaz and Stewart are state employees; consequently
21  Plaintiff must first submit a written claim to the public entity that
22  employs Defendants before filing a lawsuit alleging violations of
23  state law. Cal. Gov't Code §§ 950.2, 945.4. This claims procedure
24  is a condition precedent to the maintenance of an action under state
25  law and an integral part of the cause of action. *Karim-Panahi v. Los*
26  *Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Williams v.*
27  *Horvath*, 16 Cal. 3d 834, 842, 129 Cal. Rptr 453 (1976). The
28  complaint must allege compliance with the claims procedure; failure

11

1   to make this allegation is fatal to a cause of action. *Karim-Panahi*
2   *v. Los Angeles Police Dep't*, 839 F.2d at 627; *Pacific Tel. and Tel.*
3   *Co. v. Riverside County*, 106 Cal. App. 3d 183, 188, 165 Cal. Rptr.
4   29 (1980).

5        Plaintiff's complaint does not meet these pleading requirements.
6   Plaintiff does not appear to have submitted a written claim to the
7   public entity that employs Defendants (the City of Moreno Valley)
8   before filing a lawsuit alleging violations of state law, and he
9   certainly did not allege such compliance as he must in his complaint.
10  Consequently, to the extent Plaintiff seeks relief under California
11  law, his claims are barred and must be dismissed.

12        E.    Failure to State a Claim

13             1.   Defendants City of Moreno Valley, Burnaz and Stewart
14        Besides objections based on respondeat superior, *Younger*
15  abstention, the *Rooker-Feldman* Doctrine, and the California Tort
16  Claims Act, the only remaining contention by these Defendants as to
17  why Plaintiff's complaint should be dismissed is that it is simply
18  an unintelligible "rambling diatribe" from which it "cannot be
19  determined . . . what the Plaintiff is claiming." (City of Moreno
20  Valley, Burnaz and Stewart Motion to Dismiss at 4).

21        Although the Court acknowledges that Plaintiff's complaint is
22  difficult to follow, the Court believes that Plaintiff has adequately
23  expressed his contention that pursuant to a policy or practice of the
24  City of Moreno Valley, Officers Burnaz and Stewart unconstitutionally
25  discriminated against him by issuing parking and permitting citations
26  because his race and/or national origin.

27        As noted above, Defendants' motions to dismiss should not be
28  granted unless it is clear Plaintiff can prove no set of facts in

12

1  support of the claim that would entitle him to relief.  *See Hishon*
2  *v. King & Spalding*, 467 U.S. 69, 73 (1984); *Navarro v. Block*, 250
3  F.3d 729, 732 (9th Cir. 2001); 12(b)(6) F. R. Civ. P.  Combining this
4  low pleading standard with the fact that *pro se* pleadings are held
5  to a less stringent standard than those drafted by a lawyer, the
6  Court finds that Plaintiff has stated a claim in this case against
7  Defendants City of Moreno Valley, Burnaz and Stewart, subject to the
8  limitations already discussed.  Thus Plaintiff's § 1983 claims based
9  on alleged Equal Protection violations survive these Defendants'
10  motion to dismiss.

11        2. <u>Vera Rowe</u>

12        As noted previously, Defendant Vera Rowe submitted a separate
13  motion to dismiss with regard to Plaintiff's allegations against her.
14  The Court finds that Plaintiff has failed to state a claim upon which
15  relief can be granted under § 1983 as to Vera Rowe because he does
16  not allege any specific conduct on her part that might have deprived
17  him of any constitutional rights.

18        Plaintiff makes only vague and conclusory allegations with
19  respect to Rowe. He asserts that she engaged in *ex parte*
20  communication with the city outside of Plaintiff's presence and
21  without notifying him about the first two citations, but acknowledges
22  that she found in his favor with respect to these first citations.
23  Plaintiff further asserts that Rowe was not impartial, and "choose[]
24  to additionally punish him and retry him" on multiple other
25  citations.  Rowe points out correctly that she is a hearing officer
26  on ordinance violation appeals, and thus is involved only in the
27  post-citation process.  Plaintiff did not allege any factual support
28  for the conclusory allegation that Rowe was not impartial. Plaintiff

1  seems to further allege that Rowe violated his right to due process,
2  but Rowe correctly points out that Plaintiff was able to (in part
3  successfully) appeal the citations to the Superior Court as permitted
4  by Municipal Code § 1.10.170, and therefore his right to due process
5  was preserved.

6      Consequently, Plaintiff's claims against Vera Rowe must be
7  dismissed with leave to amend.  *See Karim-Panahi*, 839 F.2d at 626
8  ("To make out a cause of action under section 1983, plaintiffs must
9  plead that (1) the defendants acting under color of state law (2)
10 deprived plaintiffs of rights secured by the Constitution or federal
11 statutes.") (quoting *Gibson v. United States*, 781 F.2d 1334, 1338
12 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987)); *Pena v.*
13 *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (vague and conclusory
14 allegations are insufficient to state a claim under section 1983).

15

16 **III. Conclusion**

17     For the reasons stated above, it is recommended that:

18     1.   Plaintiff's Eighth Amendment claim be dismissed with
19          prejudice.

20     2.   Defendant Rowe be dismissed without prejudice and with
21          leave to amend.  Plaintiff has failed to state a claim upon
22          which relief can be granted under § 1983 because he does
23          not allege any specific conduct on her part that might have
24          deprived him of any constitutional rights.

25     3.   Defendant City of Moreno Valley, Burnaz and Stewart's
26          motion to dismiss Plaintiff's Equal Protection allegations,
27          including the City of Moreno Valley's motion to dismiss
28          pursuant to a theory of municipal liability, be denied.

4. Defendant City of Moreno Valley, Burnaz and Stewart's motion to dismiss Plaintiff's California claims under the California Tort Claims Act be granted with prejudice.

5. If Plaintiff still wishes to pursue this action as to Defendant Rowe he may file a first amended complaint within **thirty (30) days** of the date of the Order accepting and adopting this Report and Recommendation, remedying the deficiencies discussed. The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name. The first amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place and circumstances of the offending conduct, the full details of what the defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.

   Plaintiff is cautioned that he is responsible for presenting factually accurate information to the Court. A knowing misrepresentation to the Court is punishable by sanction, including dismissal.

5. Plaintiff is cautioned that failure to timely file a first amended complaint will be construed by the magistrate judge as his consent to dismissal of Defendant Rowe.

6. The Court's deputy clerk shall serve on Plaintiff a copy of this Report and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If

15

1          Plaintiff chooses to continue prosecuting this action in

2          accordance with these findings, Plaintiff must use this

3          form to the extent possible and not simply attach other

4          documents to it and attempt to incorporate claims by

5          reference to the attachments.  He may, however, attach

6          additional pages to detail his allegations, if necessary.

7

8

9  Dated: December 16, 2005

10

11                                  Marc L. Goldman
                                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28